UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAULA KUNSMAN,

    Plaintiff,

v.                                         Case No: 5:21-cv-263-MMH-PRL

MICHAEL R BASS and ALAN
FALLIK,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This action arises out of the dissolution of marriage proceedings between Plaintiff, Paula Kunsman and her former husband, Joel Wall and the division of Mr. Wall's retirement accounts. (Doc. 1). According to Plaintiff, she is entitled to half of Mr. Wall's Voya deferred compensation plan. As of August 31, 2009, the value of her half of the accrued benefit was $23,489.57. The state court subsequently found that $22,841.84 would be offset to cover monies owed by Plaintiff to Mr. Wall. Over the next ten years, Plaintiff's half of the retirement account had gains and by October 2019 the balance was $38,878.54. However, the state court subsequently ordered the transfer of all the account back to Mr. Wall, not just the $22,841.84 offset, which left Plaintiff with $649, and not any of the gains. Plaintiff alleges that she was wronged during the proceedings in various ways by the state court judge, her husband and his counsel, Attorney Michael Bass, and Deputy City Attorney Alan Fallik.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Attorney Bass and Deputy City Attorney Fallik have both filed motions to dismiss. (Docs. 16 & 26). Although neither moved to dismiss for lack of subject matter jurisdiction,[2] the Court has an obligation to raise the issue *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). Based on my review of the papers and the law, I submit that this action should be dismissed on that ground.

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

---

[2] Although not a raised as a basis for dismissal, both Defendants referenced subject matter jurisdiction in their motions. *See* Doc. 16 at 7 ("no Federal theory as to liability is articulated in the Complaint and none is apparent"); Doc. 26 at ¶28 ("there is nothing in the Amended Complaint that overcomes the fact this Court does not have subject matter jurisdiction over any of the claims raised by the Plaintiff.").

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be between citizens of different States and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). In this case, the parties are Florida residents and there is no suggestion that the amount in controversy exceeds $75,000.00; thus, diversity jurisdiction does not exist.

Likewise, Plaintiff has failed to establish a basis for federal question jurisdiction, which exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) cert. denied, 436 U.S. 946 (1978). Here, the only basis for federal question jurisdiction alleged by Plaintiff is ERISA. In an earlier Order, the Court explained to Plaintiff that the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan. *See* Doc. 7 at 3, citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). Presumably, in efforts to correct this issue, Plaintiff stated in the heading of her amended complaint (which was filed on June 10, 2021) that she is bringing this action against Michael Bass, Alan Fallik and "City of Hollywood Human Resources as Plan Administrator."[3] However, despite stating this, Plaintiff has not pursued this action against the purported Plan Administrator—City of Hollywood Human Resources. Instead, Plaintiff has proceeded solely against Attorney Bass and Deputy City Attorney Fallik,[4] neither of whom controlled administration

---

[3] And then, in the body of the amended complaint she stated, "Petitioner has added administration of plan as deferent [sic] in this action concerning ERISA benefits and case law." (Doc. 8 at 2).

[4] On August 9, 2021, summonses were issued as to Alan Fallik and Michael Bass. (Doc. 11).

of the plan; and thus, there is no legal basis to hold them liable for any alleged ERISA violation.

Moreover, at the beginning of her rambling 34-page amended complaint, Plaintiff summarizes her claim into "11 substantial, plain statements of claim as required by Rule 8." (Doc. 8 at 3-5). In her summary, Plaintiff alleges various ways in which Alan Fallik, Mr. Bass, the state court judge, and her ex-husband wronged her during the underlying proceedings. She does not, however, mention the City of Hollywood Human Resources as Plan Administrator, nor does she allege how it purportedly violated ERISA.

Accordingly, because Plaintiff has failed to assert a viable federal claim, Defendants' motions to dismiss (Docs. 16 and 26) should be **GRANTED** to the extent that this matter be dismissed for lack of subject matter jurisdiction.[5]

Recommended in Ocala, Florida on March 30, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] Because the Court lacks subject matter jurisdiction over this action, Plaintiff's petition to stay (Doc. 15) should be terminated upon dismissal.