**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PAULA KUNSMAN,

      Plaintiff,

Case No. 5:21-cv-263-MMH-PRL

v.

MICHAEL BASS and ALAN FALLIK,

      Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 45; Report), entered on March 30, 2022. In the Report, Judge Lammens recommends that Alan Fallik, Esq.'s Motion to Dismiss (Doc. 16) and Defendant, Michael Bass', Motion to Dismiss (Doc. 26) be granted to the extent that this matter be dismissed for lack of subject matter jurisdiction. See Report at 4.

    Kunsman did not file objections to the Report. Instead, without conferring with the opposing parties as she is required to do under the Local Rules of this Court,[1] Kunsman filed a document titled Plaintiff's Motion to Reinstate Case with this Amended Complaint Showing Subject Matter Jurisdiction (Doc. 46;

---

[1] Pursuant to Local Rule 3.01(g), prior to filing a motion, "the movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(1), United States District Court, Middle District of Florida.

Proposed Complaint). Despite the title, the substance of this document is not a motion seeking leave to file an amended complaint, instead it appears to be a proposed amended complaint. Nevertheless, Defendants filed responses to the Proposed Complaint as if it were a motion. See Defendant, Michael Bass', Response to Plaintiff's Objections (RE: 46) to Report and Recommendation (RE: 45) (Doc. 47); Defendant, Alan Fallik's Response to Plaintiff's Objections to Report and Recommendation (Doc. 48). Thus, this matter is ripe for review.

In the Report, the Magistrate Judge recommends that the Court dismiss this action for lack of subject matter jurisdiction because the parties are not of diverse citizenship and the amount in controversy is less than $75,000, and also because Kunsman presents no federal claim in the operative complaint (Doc. 8; Amended Complaint). See Report at 3-4. Notably, after reviewing Kunsman's initial complaint (Doc. 1; Complaint), the Magistrate Judge entered a written order advising Kunsman about the necessity to properly invoke the Court's subject matter jurisdiction and gave her an opportunity to file an amended complaint. See Order entered May 24, 2021 (Doc. 7; Order). In doing so, the Magistrate Judge explained the requirements of both diversity jurisdiction and federal question jurisdiction and also explained why, to the extent Kunsman wished to invoke the Court's federal question jurisdiction by raising an ERISA claim, her Complaint was deficient. Id. at 3. Additionally, the Magistrate Judge

noted that Kunsman's Complaint failed "to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure" and explained why. Id. at 3-4. Therefore, Kunsman filed the Amended Complaint which is the subject of the Report.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

As noted above, Kunsman filed no objection to the Report, likely because the Magistrate Judge's analysis of her Amended Complaint is entirely correct and any objection would have been without merit. The Court considered whether the Proposed Complaint, liberally construed, could be an objection to the Report. But it cannot. In the Proposed Complaint, Kunsman neither addresses the Report in any way nor suggests why or how the Report is legally or factually inaccurate. Thus, it is not an objection.

The Court also considered whether, despite Kunsman's failure to assert a basis for the Court to exercise subject matter jurisdiction after being advised of her pleading deficiency and instructed on her obligation, she should be permitted to file a second amended complaint. For any number of reasons, the Court finds that she should not.

First, Kunsman did not file a proper motion seeking leave to file a second amended complaint. The Proposed Complaint is not a motion at all. See generally Proposed Complaint. It contains no memorandum of law. See id.; see also Local Rule 3.01(a). And Kunsman did not confer with Defendants or otherwise comply with Local Rule 3.01(g) before filing it. For those reasons alone, the Proposed Complaint, if construed as a motion for leave to file a second amended complaint, would be denied. Even if it were not, the motion would be denied on the merits. As in her Amended Complaint, in the Proposed Complaint, Kunsman fails to present any claim falling within the ambit of ERISA. As noted by the Magistrate Judge, her quarrel continues to be with Defendant Bass and Defendant Fallik who, like Kunsman, are both citizens of the State of Florida. Thus, Kunsman fails to invoke either the Court's federal question jurisdiction or its diversity jurisdiction. Moreover, in preparing the Proposed Complaint, Kunsman failed to heed the Magistrate Judge's cautions regarding the deficiencies of her original Complaint. Her Proposed Complaint

is the antithesis of a short and plain statement of her claim as required by Rule 8, and still fails to allege causes of action separately or in any other "organized manner as required by Rule 9." See Order at 3. Thus, despite Rule 15's instruction that leave to amend be freely given when justice so requires, the Court would not find such leave appropriate here. Because Kunsman has utterly failed to address or correct the deficiencies identified in her Complaint and her Amended Complaint, the Court declines to permit the filing of yet another deficient pleading.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report and as amplified here, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED**:

1. Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 45) is **ADOPTED** as the opinion of the Court.

2. Alan Fallik, Esq.'s Motion to Dismiss (Doc. 16) and Defendant, Michael Bass', Motion to Dismiss (Doc. 26) are **GRANTED** to the extent that this case is **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk of the Court is **DIRECTED** to terminate any pending motions and close the case.

**DONE AND ORDERED** in Chambers, on April 29, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:
Counsel of Record
Pro Se Party